Kathryn B. Blakey, Esq.
Nevada Bar No. 12701
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500
Dallas, Texas 75201.2931
Telephone: 214.880.8100
Facsimile: 214.880.0181
kblakey@littler.com

Hayley J. Cummings, Esq.
Nevada Bar No. 14858
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
Telephone: 702.862.8800
Facsimile: 702.862.8811
hcummings@littler.com

Attorneys for Defendants
WAL-MART ASSOCIATES, INC. and
WALMART INC.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

LESLIE ARISMENDEZ, an individual,

Plaintiff,

v.

WAL-MART ASSOCIATES, INC., a Delaware corporation; WALMART INC., a Delaware corporation,

Defendants.

Case No. 3:26-cv-00170-MMD-CLB

**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION FOR VACATUR OF DISCOVERY ORDER [ECF NO. 22]**

Defendants Wal-Mart Associates, Inc. and Walmart Inc. (collectively, "Walmart"), by and through undersigned counsel and pursuant to District of Nevada Local Rule 59-1, respectfully move the Court to vacate its October 19, 2026 Order [ECF No. 22], which granted in part Plaintiff Leslie Arismendez's ("Plaintiff") Motion Regarding Discovery Dispute [ECF No. 21] (the "Motion"). Walmart has provided Plaintiff's counsel with a copy of this Motion, and Plaintiff does not oppose the requested relief. In support of this Motion, Walmart states as follows:

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. Plaintiff served her First Set of Interrogatories and First Set of Requests for Production on each Defendant on June 30, 2026. On September 29, 2026, Plaintiff filed the Motion, seeking to compel responses to those discovery requests and the production of responsive documents. ECF No. 21.

2. After conferring regarding Walmart's discovery responses, the Parties resolved the issue raised in the Motion by agreement as to the timing of Walmart's responses. Consistent with that agreement, Walmart served its written discovery responses on October 8, 2026, and supplemented its disclosures by producing a substantial volume of documents on October 16, 2026.

3. The Parties' agreement resolved the issue raised in the Motion and eliminated the need for further adjudication. Through inadvertence, however, the Parties did not notify the Court of their resolution or request that the Motion be withdrawn or terminated.

4. On October 19, 2026, before the Parties corrected that oversight, the Court entered the Order at ECF No. 22. Noting that Walmart had not filed an opposition, the Court granted the Motion under Local Rule 7-2(d) to the extent it sought discovery responses, denied Plaintiff's request for fees, and directed Walmart to serve complete responses within fourteen days. *See* ECF No. 22. The Order thus adjudicated a dispute the Parties had already resolved and directed Walmart to provide discovery it had already served.

5. Walmart's failure to file an opposition was not intended as a concession that discovery remained outstanding. To the contrary, the discovery dispute had already been resolved, Walmart had already performed under the Parties' agreement, and the only omission was the Parties' inadvertent failure to notify the Court that no ruling was necessary.

6. Local Rule 59-1 recognizes the Court's inherent authority to reconsider an interlocutory order for cause while it retains jurisdiction and permits reconsideration based on changed factual circumstances. *See* LR 59-1(a).

7. Vacatur is warranted because the factual predicate for the Motion had materially changed before the Order issued: the Parties had resolved the dispute, and Walmart had served the discovery responses and documents at issue. Leaving the Order in place would inaccurately suggest



LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500
Dallas, Texas 75201.2931
214.880.8100

that Walmart failed to respond to discovery and required judicial intervention, even though the Motion had become unnecessary before the Court ruled. Vacating the Order will align the docket with the case's procedural posture and eliminate an order directing relief that had already been provided.

8. The requested relief is narrow and unopposed. Vacatur will not prejudice either party, alter the Parties' substantive discovery rights, or preclude either side from raising a future dispute concerning the sufficiency of the discovery responses through the ordinary meet-and-confer and motion process, if necessary.

## CONCLUSION

For these reasons, Walmart respectfully requests that the Court enter an order: (1) VACATING the October 19, 2026 Order at ECF No. 22; (2) deeming Plaintiff's Motion Regarding Discovery Dispute at ECF No. 21 WITHDRAWN or, alternatively, MOOT; and (3) granting such other and further relief as the Court deems just and proper.

Dated: November 2, 2026

LITTLER MENDELSON, P.C.

Hayley J Cummings

Kathryn B. Blakey, Esq.
Hayley J. Cummings, Esq.

Attorneys for Defendants
WAL-MART ASSOCIATES, INC. and
WALMART INC.

## ORDER

Good cause appearing, Defendants' unopposed motion for vacatur, (ECF No. 23), is **GRANTED**. The Court's October 19, 2026 order, (ECF No. 22), is hereby **VACATED**, and Plaintiff's motion regarding discovery dispute, (ECF No. 21), is **WITHDRAWN**.

IT IS SO ORDERED.
DATED: November 2, 2026.

UNITED STATES MAGISTRATE JUDGE



LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500
Dallas, Texas 75201.2931
214.880.8100